**Dated: May 21, 2013**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

ANTHONY D. COWAN  
TONYA G. COWAN,

Case No. 07-81377-TRC  
Chapter 13

      Debtors.

### ORDER REGARDING ATTORNEY FEES

Before the Court is Debtors' Response to Order of Show Cause (Docket Entry 90), Application for Post-Petition Attorney Fees (Docket Entry 93) and Trustee's Response (Docket Entry 97). The Application and Response were filed in response to this Court's Order and Notice of Show Cause Hearing to determine the amount of approved attorney fees paid in this case. A Show Cause Hearing was held on May 16, 2013. Appearances were entered by Teddy Abbott, attorney for Debtors, and William Mark Bonney, Standing Chapter 13 Trustee.

Attorney charged the presumptive fee approved in this district of $ 3,750. Debtors paid him $ 500 prepetition, $ 274 of which was the filing fee. The original plan was confirmed with an

attorney fee of $ 3,524 to be paid through the plan.  Debtors' counsel prepared a modified plan and included $ 450 in additional attorney fees for time associated with preparing the modified plan.  Debtors' counsel did not submit a fee application to the Court for approval of this additional charge.  A second modified plan was prepared and filed by Trustee and confirmed by this Court. The total fee paid to counsel in this case was $ 4,200.

Debtors' counsel asserts that the fee was appropriate because it was incurred before this Court definitively ruled that the presumptive fee of $ 3,750 for a Chapter 13 case is to include one "free" modification.  Counsel also asserts that it was the custom and practice in this District for attorneys to insert additional fees into a proposed modified plan without a separate fee application.  Trustee's Response states that he believes the $ 450 fee application should not be approved and that the fee should be disgorged.  Trustee also accepts responsibility for paying the additional fee without approval of the Court and apologizes for any inconvenience caused to Debtors' counsel.

It has never been the custom and practice of this Court to allow additional attorney fees over the presumptive amount to be paid without submission of a separate application and supporting time records to be reviewed by this Court.  While it is true that the Court clarified its position that the presumptive fee includes one post-confirmation modification after Debtors' counsel prepared the first modification in this case, that decision did not change this Court's long-standing rule that attorney fees over the presumptive rate must be reviewed and approved. Debtors' Motion to Modify (Docket Entry 37) makes no mention of the insertion of additional attorney fees into the modified plan.  Other counsel for debtors in this district submitted fee applications for post-confirmation work during the time frame in which Debtors' counsel prepared the modified plan.  Most of the fees charged and approved at that time averaged $ 250.  If other attorneys followed Debtors' counsel's

custom and practice of awarding themselves fees over the presumptive rate by inserting the fees into a plan summary without filing a separate fee application, they did so without the approval of this Court. While the Court appreciates the Trustee's apology and acceptance of responsibility, it is the responsibility of the attorneys who practice before this Court to notify the Court that additional fees are requested by making separate application in accordance with Local Rules.

The Court acknowledges that several years have passed since this fee was incurred and that Debtors' counsel did perform some work in the case post-confirmation. Therefore, the Court approves $ 250 as an appropriate fee, commensurate with the standard fee approved by this Court at the time the work was performed for post-confirmation modifications. The remainder, $ 200, shall be made available to Trustee for distribution to unsecured creditors.

IT IS THEREFORE ORDERED THAT the Application for Post-Petition Attorney Fees (Docket Entry 93) is **granted in part, and attorney fees of $ 250** are approved.

IT IS FURTHER ORDERED THAT the remainder, $ 200, shall be made available to Trustee for distribution to unsecured creditors. Debtors' Counsel, Teddy Abbott, shall disgorge or release $ 200 to Trustee within ten days of the entry of this Order for distribution to unsecured creditors.

###